RODRÍGUEZ, DEMANDANTE Y APELANTE, *v.* SUCESIÓN PAOLI, DEMANDADA Y APELADA.

APELACIÓN procedente de la Corte de Distrito de Ponce en pleito sobre daños y perjuicios.

No. 2642.—Resuelto en febrero 9, 1923.

DAÑOS Y PERJUICIOS POR NEGLIGENCIA—CAUSA DE ACCIÓN—ALEGACIONES NECESARIAS.—No alegando en su demanda el demandante que el patrono demandado empleaba menos de tres obreros al tiempo de ocurrir el accidente, a fin de que resulte que dicho demandante no estaba obligado a someterse a las disposiciones de la ley sobre indemnizaciones por accidentes del trabajo, aprobada en febrero 25, 1918, tenía que alegar que por virtud de tal ley no ha recibido compensación, y que las lesiones sufridas han sido causadas por el acto ilegal o negligencia criminal de su patrono, para que la demanda adujese hechos determinantes de causa de acción para reclamar daños y perjuicios del demandado.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. L. Torres Grau.*

Abogados de la apelada: *Sres. López de Tord & Zayas Pizarro.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Esta apelación fué interpuesta por el demandante contra la sentencia que después de celebrado el juicio declaró sin lugar su demanda.

El apelado insiste en su alegato ante nosotros en que la demanda no aduce hechos determinantes de causa de acción, excepción que formuló en el tribunal inferior, y como si tiene razón la demanda no puede prosperar, haremos un resumen de las alegaciones esenciales del demandante para resolver esta cuestión.

Alega el demandante en su demanda que el día 31 de octubre de 1918 sufrió la pérdida de un brazo mientras estaba trabajando como empleado del demandado en una máquina de descascarar café, debido a la negligencia del demandado por no haber quitado del rollo de la máquina una parte saliente que tiene, que se usaba antes para dar movimiento a la máquina con una rueda y una palanca pero que ahora no es necesaria porque la máquina es movida por un motor de gas; que por esa negligencia el saliente del rollo le cogió un saco o mochila que tenía puesto sobre la cabeza y espalda para protegerse de la melaza del café en uva que caía del piso superior, cogiéndole también el brazo y partiéndoselo, y que ganaba cuarenta centavos diarios.

Cuando este hecho ocurrió estaba vigente la ley de indemnizaciones por accidentes del trabajo, aprobada el 25 de febrero de 1918, que dispone en su artículo 33 que será aplicable a accidentes que ocurran después del 30 de junio de 1918.

Según su artículo segundo esa ley es aplicable a los obreros lesionados o que se inutilicen o pierdan la vida por accidentes que provengan del empleo y ocurran durante el curso de éste, pero no lo es a ningún patrono que regularmente emplee menos de tres obreros, ni a ningún obrero cuyo

jornal excediere de la suma de $1,200 anuales. La indemnización a que tenga derecho el obrero, que está regulada por la misma ley, podrá ser reclamada por el obrero ante la Comisión de Indemnizaciones que por ella se crea (art. 8°.); ley que en su artículo 21 dispone que nada de lo contenido en ella se interpretará en el sentido de privar al obrero lesionado o a sus herederos en caso de muerte, de la renuncia de sus disposiciones en cualquier tiempo antes de recibir compensación en virtud de ella, y a reclamar y obtener daños y perjuicios de su patrono, de acuerdo con las disposiciones de ley, antes de entrar ésta en vigor, cuando las lesiones sufridas por dicho obrero hubieren sido causadas por acto ilegal o negligencia criminal de su patrono (*wilful misconduct;* disponiéndose que solamente en ese caso de renuncia tendrá el obrero comprendido en esta ley, o sus herederos de acuerdo con la misma, derecho a ejercitar la acción de daños y perjuicios contra el patrono.

Por consiguiente, como el demandante no alega que su patrono empleaba menos de tres obreros para que resulte que no estaba el demandante obligado a las disposiciones de dicha ley, tenía que alegar que por virtud de ella no ha recibido compensación, y que las lesiones sufridas han sido causadas por el acto ilegal o negligencia criminal de su patrono, para que la demanda adujese hechos determinantes de causa de acción para reclamar daños y perjuicios del demandado.

Por el motivo expresado la sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf, Hutchison y Franco Soto.