Dominga Aponte Moreno, demandante y apelante, *v.* La Comisión de Indemnizaciones a Obreros, demandada y apelada.

No. 3700.—*Visto:* Noviembre 24, 1925. *Resuelto:* Marzo 26, 1926.

Patrono y Empleado—Ley de Indemnizaciones por Accidentes del Trabajo—Procedimientos—Procedimientos de la Comisión de Indemnizaciones a Obreros—Revisión por los Tribunales—De la Demanda—Suficiencia.— Para poder reclamar a la Comisión de Indemnizaciones a Obreros indemnización por la muerte de un obrero, de acuerdo con la Ley No. 10 de 1918 (pág. 55), es necesario alegar y probar que el patrono empleaba regularmente más de tres obreros.

Sentencia de *Rafael Díaz Cintrón,* J. (Ponce), declarando sin lugar demanda sobre reclamación de compensación por accidente del trabajo, sin costas. *Confirmada.*

*Felipe Colón Díaz* y *Alfonso Quintana Cajas,* abogados de la apelante; *Hon. Attorney General George C. Butte, Carlos Llauger* y *Emilio Aldrey,* abogados de la apelada.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

El 28 de abril de 1924 Dominga Aponte Moreno acudió a la Comisión de Indemnizaciones a Obreros solicitando que le concediera indemnización por la muerte del obrero Jesús Aponte ocurrida el 31 de diciembre de 1918 por haber caído de una escalera mientras trabajaba como hojalatero poniendo unas canales en la residencia de don Pedro Juan Armstrong y recibido tan fuerte golpe en la cabeza que murió el mismo día, dependiendo ella y Flora Moreno, madre de crianza de Jesús Aponte, del jornal que éste ganaba, que era de $1.50 diario. En enero de 1925 la Comisión de Indemnizaciones a Obreros negó esa petición de indemnización fundándose en que habían transcurrido más de cinco años desde la fecha del supuesto accidente, del que no tenía conocimiento con excepción de la solicitud; en que la madre de crianza no tenía derecho a indemnización de acuerdo con la ley vigente en 1918, y en que la prima Dominga Aponte no probó su carácter de beneficiaria por exigir la ley la dependencia exclusiva para subsistir de lo que ganaba el obrero.

En apelación contra esa resolución, Dominga Aponte Moreno presentó demanda en la Corte de Distrito de Ponce y alegó substancialmente que el 31 de diciembre de 1918 Jesús Aponte era un obrero joven y saludable y trabajaba como hojalatero en la residencia de don Pedro J. Armstrong en Ponce poniendo unas canales en un edificio de dos pisos y habiendo falseado la escalera donde estaba cayó y recibió un golpe del que murió dos horas después: que dicho obrero no dejó descendientes ni ascendientes, siendo la demandante prima hermana suya y la única persona de más cercano parentesco que dependía exclusivamente para su subsistencia de lo que él ganaba, con quien vivió hasta su muerte; que nunca fué notificada de que tenía derecho a indemnización: que en 1924 reclamó ante la Comisión de Indemnizaciones a Obreros que la indemnizara por ese accidente pero le fué negado ese derecho según la resolución que acompaña a la demanda; y que la demandante no ha renunciado a los beneficios de la ley ni persona alguna la ha compensado por la muerte de Jesús Aponte.

La Comisión de Indemnizaciones a Obreros contestó la demanda y alegó varias defensas, siendo una de ellas que la demanda no aduce hechos determinantes de causa de acción y que el derecho para reclamar está prescrito de acuerdo con el artículo 8 de la Ley No. 10 de 1918, en cuya última defensa fundó exclusivamente la corte inferior su sentencia declarando sin lugar la demanda después de celebrado el juicio.

En la apelación que ha interpuesto la demandante contra ese fallo trata de demostrar que la corte inferior cometió error al declarar que la acción ejercitada está prescrita pero podemos dejar a un lado esa cuestión porque existe otra más fundamental y previa cual es si la demanda aduce hechos suficientes para la acción que se ejercita.

La demandante funda su derecho a ser indemnizada en la Ley No. 10 de Indemnización por Accidentes del Trabajo aprobada en 25 de febrero de 1918, que estaba vigente cuando

ocurrió la muerte de Jesús Aponte, pero esa ley no le concede tal derecho porque el fondo de seguro se forma con el dinero de los patronos sujetos a la ley, que son los que emplean más de tres obreros, y como de ese fondo se pagan las indemnizaciones nos parece lógico que sólo tienen derecho a cobrar de él las indemnizaciones establecidas por la ley los obreros que trabajan con patronos que emplean más de tres obreros, porque no sería justo ni equitativo que los patronos sujetos a la ley paguen por los que emplean menos de tres obreros, y, por tanto, llegamos a la conclusión de que para que un obrero o sus herederos, según esa ley, pueda reclamar a la Comisión de Indemnizaciones a Obreros indemnización por la muerte de un obrero es necesario alegar y probar que su patrono empleaba regularmente más de tres obreros, alegación que no se hizo en este caso ante la Comisión ni en la demanda en la corte de distrito. Si examinamos la prueba encontramos que teniendo necesidad el Sr. Armstrong de que fueran arregladas las canales de su casa contrató esa reparación con Aquilino Collazo quien con Jesús Aponte hacía ese trabajo. El caso de *Rodríguez v. Sucesión Paoli,* 31 D.P.R. 486, tiene alguna analogía con el presente.

*Por el motivo que acabamos de exponer la sentencia apelada debe ser confirmada.*