RICARDO Ríos y Ríos, demandante y apelante, *v.* PORTO RICO RAILWAY, LIGHT &·POWER Co., demandada y apelada.

No. 3646.—*Visto:* Noviembre 19, 1925.   *Resuelto:* Abril 29, 1926.

1. PATRONO Y EMPLEADO (*Master and Servant*)—RESPONSABILIDAD DEL PATRONO POR DAÑOS AL EMPLEADO—ACCIONES—ALEGACIONES EN LA MISMA—PATRONO NO OBLIGADO POR LAS DISPOSICIONES DE LA LEY DE INDEMNIZACIONES A OBREROS.—Una demanda de daños y perjuicios contra un patrono de la que no resulte que el demandado no estaba obligado por las disposiciones de la Ley de Indemnizaciones a Obreros debe alegar que no se ha recibido compensación por virtud de dicha ley y que las lesiones sufridas por el demandante fueron causadas por el acto ilegal o negligencia criminal de su patrono.

2. APELACIÓN Y ERROR—RESOLUCIÓN Y DISPOSICIÓN DEL CASO—REVOCACIÓN—SENTENCIA SOBRE EXCEPCIÓN PREVIA.—Dictada sentencia final al declararse con lugar excepción previa de falta de causa de acción, si dentro de las circunstancias del caso la corte inferior debió dar una oportunidad para enmendar, la omisión de no hacerlo así al resolver la excepción es suficiente para revocar la sentencia apelada.

SENTENCIA de *Charles E. Foote,* J. (Primer Distrito, San Juan), declarando sin lugar la demanda, con costas. *Revocada.*

*Luis Muñoz Morales,* abogado del apelante; *J. H. Brown, Clemente Ruiz Nazario* y *Sergio G. Gelpí,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

El demandante establece apelación contra la siguiente sentencia:

"En este caso la demandada presentó una excepción previa de falta de causa de acción que consta unida a los autos.

"Discutida que fué dicha excepción en corte abierta por los abogados de ambas partes, la Corte la declaró con lugar en los siguientes términos:

"La Corte declara con lugar la excepción previa de falta de causa de acción. No aparece de la demanda que los hechos que se fundan tuvieran como causa un acto ilegal o negligencia criminal de la demandada como patrono del demandante ni tampoco, en caso

afirmativo, que haya renunciado los beneficios de la Ley de Indemnizaciones a Obreros.  Véase Sec. 21 de dicha Ley No. 10 de 1918. Tomo de Leyes de dicho año, Pág. 83.

"Por lo expuesto creemos que procede dictar sentencia declarando sin lugar la demanda y ordenando el archivo, con costas al demandante.

"El Secretario librará la correspondiente orden de ejecución.

"Pronunciada en Corte abierta el trece y registrada hoy día diez y siete de Marzo de 1925.

(fdo.)     Charles E. Foote,<br>Juez 1er. Dto."

Insiste el apelante en que:

"Primer error.—La Corte cometió error al desestimar la demanda por el fundamento de que en ella no se alegan hechos que demuestren un acto ilegal o negligencia criminal de la demandada.

"Segundo error.—La Corte sentenciadora cometió error al declarar para ejercitar esta acción era necesario la previa renuncia expresa de los beneficios de la Ley No. 10 de 1918.

"Tercer error.—La Corte de Distrito cometió error al dictar sentencia inmediatamente sin dar oportunidad al demandante para enmendar su demanda."

[1] La primera de estas tres cuestiones fué resuelta en sentido adverso al apelante en el caso de *Rodríguez* v. *Sucesión Paoli,* 31 D.P.R. 486.  Véase también el caso de *Camuñas* v. *New York & P. R. S. S. Co.,* 260 Fed. 40, y *Camuñas* v. *P. R. Ry., Light & Power Co.,* 272 Fed. 924.

[2] La segunda proposición en la cual se funda el apelante es quizás algo más meritoria, pero su resolución final puede ser pospuesta hasta que hayamos tenido el beneficio de una presentación más completa del asunto de como ha tratado de hacerlo cualquiera de las partes en este caso.  El apelante puede fácilmente evitar todo riesgo en el presente caso redactando de tal modo su demanda enmendada que no haya lugar a duda o inferencia.

Apreciadas todas las circunstancias creemos que al demandante debió habérsele dado una oportunidad para enmendar al ser declarada con lugar la excepción previa de

que la demanda no aduce hechos suficientes para constituir una causa de acción, y por esta razón *debe revocarse la sentencia apelada.*